IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

EARL LEE HALL JR.,
ADC #095454                                                                                    PLAINTIFF

V.                                    CASE NO. 5:19-CV-177-BD

TRACY TAYLOR                                                                               DEFENDANT

### ORDER

I. **Background**

Plaintiff Earl Lee Hall, Jr. is an inmate at the Tucker Unit of the Arkansas Division of Correction. The incident giving rise to this case occurred while Mr. Hall was an inmate at the W.C. Brassell Detention Center ("Detention Center"). In this *pro se* 42 U.S.C. § 1983 action, Mr. Hall claims that Defendant Tracy Taylor, a former Detention Center officer, violated his Eighth Amendment rights by using excessive force against him. (Doc. No. 2)

In his complaint and amended complaint, Mr. Hall alleges that Defendant Taylor sprayed three containers of chemical agent (pepper spray) into his cell, which exacerbated his preexisting heart condition. (Doc. Nos. 2, 13) Mr. Hall further alleges that Defendant Taylor intentionally pushed a wheelchair into his back as he lay on the ground after losing consciousness.

II. **Discussion**

A. Jurisdiction

This Court has jurisdiction under 42 U.S.C. 1983 to hear Plaintiff's claims. The

parties have consented, in writing, to the jurisdiction of a magistrate judge. (Doc. No. 32)

B.  Standard

At the time of the incident at issue, Mr. Hall was being held at the Detention Center both as an inmate (for a parole violation) and as a pretrial detainee for a new criminal charge. Accordingly, the Court analyzes his claims under the Eighth Amendment. *Sterling v. Taylor*, No. 5:16-CV-120-JLH-JTK, 2017 WL 1511296, at *3 (E.D. Ark. Feb. 28, 2017).

To prevail on his excessive-force claim, Mr. Hall must prove that Mr. Taylor used force "maliciously and sadistically to cause harm," rather than in "a good-faith effort to maintain or restore discipline." *Hudson v. McMillian*, 112 S. Ct. 995, 998 (1992); *Santiago v. Blair*, 707 F.3d 984, 990 (8th Cir. 2013). To act "maliciously" means "taking a course of action, without just cause or reason, that was intended to injure the inmate." *United States v. Miller*, 477 F.3d 644, 647 (8th Cir. 2007) (internal citations omitted). An officer who acts "sadistically" engages in "extreme or excessive cruelty" or "delight[s] in cruelty." *Id.*

C.  Findings of Fact

At a September 15, 2020 trial, the Court heard the testimony from Mr. Hall, Defendant Taylor, and Marvin Reeves, an inmate who witnessed the events giving rise to this lawsuit. The facts are largely undisputed.

On December 18, 2018, Mr. Hall was booked into the Detention Center. He was placed in a cell with several other inmates, including Mr. Reeves and Charles Creal. That afternoon, there was an altercation at pill-call between inmate Creal and Defendant

2

Taylor, who was the acting administrator of the Detention Center at the time. The altercation escalated, and eventually Defendant Taylor deployed pepper spray in inmate Creal's direction. The parties dispute whether Defendant Taylor dispersed the pepper spray inside the jointly occupied cell or whether he sprayed it in the common area adjacent to the cell. All witnesses, including Mr. Hall agree, however, that inmate Creal was the intended target of the pepper spray and not Mr. Hall.

Mr. Hall then testified that he told Defendant Taylor, after the pepper spray was deployed, that he had high blood pressure and heart problems and asked to go outside to the "rec yard" to avoid further exposure to the spray. There is no dispute that all of the cellmates (other than Mr. Creal) were allowed to go outside without delay.

According to Mr. Hall, once outside, he collapsed and lost consciousness. After regaining consciousness, he asked for a wheelchair to get to the infirmary. He testified that Defendant Taylor brought over a wheelchair as requested but pushed it into his back several times while calling him names. Defendant Taylor testified that he and another officer had difficulty getting Mr. Hall into the wheelchair but denied intentionally hitting him with the wheelchair. It is undisputed that Mr. Hall was taken by ambulance to the Jefferson Regional Medical Center after the incident, where he was treated for heart problems during a 24-hour stay.

Mr. Hall and Defendant Taylor both testified that there was no history of altercations or disputes between them before this incident. In fact, Mr. Hall testified that

he had always gotten along well with Defendant Taylor, who had appointed him as a trusty in past incarcerations.[1]

The Court has considered the testimony of the parties and witnesses. There was no convincing testimony at trial to indicate that Defendant Taylor intended to injure or hurt Mr. Hall either with pepper spray or with a wheelchair. According to Mr. Hall's own version of events, Defendant Taylor sprayed him in an attempt to subdue inmate Creal, who was standing behind him in the cell. Furthermore, to the extent Defendant Taylor bumped Mr. Hall with the wheelchair, this was not a malicious attempt to harm Mr. Hall, but rather a result of difficulty loading him into the wheelchair from his position on the ground.

Because there is no evidence of a history of conflict between the parties, and no other evidence of intent to harm Mr. Hall, the Court concludes that Defendant Taylor did not use excessive force against Mr. Hall during the December 18, 2018 incident by deploying pepper spray toward another inmate or in his attempts to get Mr. Hall into a wheelchair.

## III. Conclusion

All claims having been adjudicated, Mr. Hall's claims are DISMISSED, with prejudice. The Clerk is instructed to close this case.

---

[1] "Trusties" are defined as detainees or prisoners who are afforded additional liberties based on their classification as trustworthy. This is a common practice in Arkansas as well as other states. See *Davis v. Fulton City, Ark.*, 884 F. Supp. 1245, 1264 (E.D. Ark. 1995).

IT IS SO ORDERED, this 17th day of September, 2020.

_____
UNITED STATES MAGISTRATE JUDGE